## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| WINSTON LIBURD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL NO. 1989-123 |
| vs. | ) |
| | ) |
| GILBERT APPLETON, ET AL., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter came before the Court on Wednesday, March 12, 2008, on Plaintiff's Motion for a Writ of Execution on Parcels No. 173B-60, 173-B-61 and 173B-61A Estate Annas Retreat, St. Thomas, Virgin Islands ("the property").  The court heard testimony from Mr. Gilbert Appleton, Mr. Allan Elton Harrigan, Mr. Mackchesney Appleton and Ms. Linda Francis.

### RELEVANT FACTS

Mr. Gilbert Appleton testified that he once owned the property known as 173B-60, 173B-61 and 173B-61A, Estate Annas Retreat, St. Thomas, Virgin Islands, but in 2003 the property was foreclosed upon by Banco Popular de Puerto Rico ("the bank"), that his son, Mackchesney Appleton is the owner of the property and has been making the mortgage payments to Mr. Harrigan and that since the foreclosure of the property, he has not had any legal interest in the property.  He further testified that the property consists of a main house of three bedrooms and six or seven apartments.

Mr. Allan Harrigan testified that he first met Mr. Gilbert Appleton in 2003 when he

Liburd v. Appleton, et al.
Civ. No. 1989-123
Memorandum and Order
Page 2 of 6

received a call at his home from Mr. Glen Curtis and was asked if he wanted to make some money. He further testified that Mr. Curtis told him that Mr. Gilbert Appleton was trying to recover his property from the bank and his help was needed and that he would receive a fee for his assistance. He further testified that he went to Mr. Appleton's house and that he and Mr. Gilbert Appleton agreed that Mr. Harrigan, would purchase the property from Banco Popular and that Mr. Gilbert Appleton would provide him the monthly mortgage payments and he, Mr. Harrigan, would pay the bank and would receive $500.00 per month as his fee plus $25,000 when the mortgage was paid off.

Mr. Harrigan further testified that Banco Popular de Puerto Rico assigned its interest in the property to him and he received a Marshal's Deed to the property in May 2003. He further testified that at first he received the mortgage payments plus his fee from Mr. Gilbert Appleton through Mr. Glenn Curtis and, subsequently, he then received the mortgage payments and his fee from Mr. Mackchesney Appleton through Ms. Linda Francis.[1] Finally, Mr. Harrigan testified that he has never visited the property and has never collected rents from the tenants who reside in the apartments on the property.

The court also heard testimony from Mr. Mackchesney Appleton. Mr. Mackchesney Appleton testified he attempted to purchase the property from the bank in 2003; however, his credit was bad and the bank refused his attempt to purchase the property. He further testified that he asked a mutual friend of his father and himself if he could purchase the property from the

---

[1] Mr. Mackchesney Appleton testified that Ms. Linda Francis is his bookkeeper and girlfriend.

Liburd v. Appleton, et al.
Civ. No. 1989-123
Memorandum and Order
Page 3 of 6

bank; however, the friend indicated that he currently had a loan with the bank and could not assist him; however, he referred Mackchesney Appleton to Mr. Glenn Curtis. Mackchesney Appleton further testified that he met with Mr. Curtis and Mr. Curtis informed him that Mr. Allan Harrigan had good credit and could perform the transaction for a fee. He further testified that he met with Mr. Glenn Curtis and Mr. Harrigan and they agreed that Mr. Harrigan would purchase the property from the bank and he would be paid a fee of $500 per month for his involvement in the transaction.

Mr. Mackchesney further testified that Mr. Curtis and Mr. Allan informed him that they need $45,000- $50,000 for bank fee, closing costs and other bank charges and that he paid them the requested money through a loan of "twenty something" thousand dollars from Mr. William Dowling and he paid the remaining money from his own funds. Mr. Mackchesney Appleton further testified that after Mr. Harrigan was successful in purchasing the property from the bank, he, Mr. Glenn Curtis, Linda Francis and Mr. Allan Harrigan met and agreed that he would pay $1,600 per month for the mortgage and $500 per month to Mr. Harrigan as his fee. He further testified that he began making the payments to Mr. Harrigan, through Ms. Linda Francis, in July 2003. He further testified that in 2005, the agreement reduced to writing; however, for various reasons, it was never signed by himself or Mr. Harrigan. Mackchesney Appleton further testified he collects the rents for the apartments and not Mr. Harrigan and that he exercises control of the property and not his father.

Mr. Mackchesney Appleton also testified that on February 16, 2008, he was in Attorney

Liburd v. Appleton, et al.
Civ. No. 1989-123
Memorandum and Order
Page 4 of 6

John Baptiste's office and called Mr. Harrigan and asked him why he testified in court that he had an agreement with Mr. Gilbert Appleton regarding the property when in fact he had the agreement with Mr. Mackchesney Appleton and Mr. Harrigan replied that he should contact Attorney Robert King and gave him Attorney King's number and further indicated that he wished he had not gotten involved in the matter regarding the property.  Finally, he testified that his father did not have any involvement in the agreement between him and Mr. Harrigan.

The court also heard testimony from Ms. Linda Francis.  Ms. Francis testified that she is Mr. Mackchesney Appleton's girlfriend and that she is the person who gives the monthly mortgage payment to Mr. Harrigan plus his $500.00 per month fee.  She further testified that she was present for a meeting at Mr. Glenn Curtis' house with Mr. Mackchesney Appleton, Glenn Curtis, Allan Harrigan and herself when they met and made decisions regarding the property and the mortgage payments for the property.  She also testified that on February 16, 2008, she was present in Attorney John Baptiste's office when Mackchesney Appleton spoke with Mr. Allan on the telephone and asked him why he stated in court that he had an agreement with Mr. Gilbert Appleton regarding the property when in fact the agreement was with Mr. Mackchesney Appleton and that Mr. Harrigan replied that he, Mackchesney Appleton, should speak with Attorney Robert King and gave Mr. Mackchesney Appleton Attorney Robert King's telephone number and further stated that he wished he had not gotten involved with this matter.

## DISCUSSION

A judgment creditor may execute against the real property of a judgment debtor to the

Liburd v. Appleton, et al.
Civ. No. 1989-123
Memorandum and Order
Page 5 of 6

extent of a judgment debtor's interest in the property.  V. I. Code Ann. tit. 5 § 472 (1997); *Creque v. Creque*, 19 V.I. 408 (Terr. Ct. 1983).  Here, it is undisputed that at the time of the motion for the writ of execution, Mr. Allan Harrigan was legal title to the property.  However, Plaintiff contends that Mr. Harrigan has only "record title" and that the true and beneficial owner of the property is Mr. Gilbert Appleton and that Mr. Gilbert Appleton entered into an agreement with Mr. Harrigan for him to obtain legal title to the property in an attempt to defraud his creditors.

On the other hand, Mr. Mackchesney Appleton contends that he is the true and beneficial owner of the property and that he entered into an arrangement with Mr. Harrigan to purchase the property from the bank because he had bad credit and could not purchase the property himself.

It is clear to the court that on these facts, the court cannot issue a writ of execution in favor of the Plaintiff against the property because Mr. Gilbert Appleton is not the legal owner of the property and, at this time, may not have an equitable interest in the property.

On the facts as alleged, it is apparent that Plaintiff may want to commence an action to quiet title in the Superior Court of the Virgin Islands as this court is without the jurisdiction to hear such an action.  V. I. Code Ann. tit. 4 § 76 (1997).  In the course of such an action, and with the opportunity to conduct full discovery from all parties on all defenses, a determination may be had with respect to whether there was an effort to defeat the interests of the judgment creditor.

Liburd v. Appleton, et al.
Civ. No. 1989-123
Memorandum and Order
Page 6 of 6


   For the foregoing reasons, Plaintiff's Motion for a Writ of Execution against Parcels No. 173B-60, 173-B-61 and 173B Estate Annas Retreat, St. Thomas, Virgin Islands is **DENIED**.


DATED: July 11, 2008         s\_____
                     GEOFFREY W. BARNARD
                     U. S. Magistrate Judge


ATTEST:
WILFREDO F. MORALES
Clerk of Court